IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN FRANK GUERRY,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director; BRIAN GAGE, Warden; GUIFFE, Case Worker; and THOMPSON, Case Worker;<br><br>            Defendants.<br><br>BRIAN FRANK GUERRY,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, in his individual capacity; FRANK HOPKINS, in his individual capacity; BRIAN GAGE, in his individual capacity; MICHELLE CAPPS, in her individual capacity; et al.,<br><br>            Defendants. | **8:15CV323**<br><br><br><br>**MEMORANDUM<br>AND ORDER**<br><br><br><br>**4:17CV3047** |

     Case No. 4:17CV3047 was removed by Defendants after a ruling I made in Case No. 8:15CV323 dismissing *without prejudice* the state law claims against some of Defendants who were subject to suit under the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. §§ 81-8,209, *et seq*. After the dismissal, and as might be expected, Mr. Guerry filed suit in state court specifically invoking the Nebraska STCA.

Although Mr. Guerry spoke of "individual capacity" in his state case, he clearly sued Defendants in their capacities as employees of the State of Nebraska who were acting within the scope of their employment. So, although his pleading in state court may have been inartful, it is clear that he intended to seek relief under the Nebraska STCA and his state case must be construed accordingly. *See Montin v. Moore*, 846 F.3d 289, 292-93 (8th Cir. 2017) ("Though Montin's amended complaint explicitly declares all claims are against defendants in their individual capacities, all the actions or omissions alleged occurred in the scope of defendants' state employment, and we must treat the state law malpractice claim as if it is against defendants in their official capacities.").

Pending before me are motions to consolidate in each of the above styled cases. (Filing No. 68, Case No. 8:15CV323; Filing No. 3, Case No. 4:17CV3047) To make matters more complex, Defendants filed a summary judgment motion and brief in support in Case No. 8:15CV323 (Filing Nos. 63, 64) before they filed their motions to consolidate. Mr. Guerry's time to respond has not yet run.

I will not proceed on these matters until I can figure out some fundamental questions raised by the removal. Therefore, I ask Mr. Lopez, counsel for Defendants, to carefully read and consider the following:

> Montin's claim against defendants in their official capacities is barred unless Nebraska has waived sovereign immunity. *See Seminole Tribe*, 517 U.S. at 54-55, 116 S.Ct. 1114. If Nebraska has waived its immunity, Montin must bring the claim within the bounds set forth by the Nebraska STCA. *See Beers v. Arkansas*, 61 U.S. 527, 529, 20 How. 527, 15 L.Ed. 991 (1857) ("[A]s this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted.").
>
> If we assume Nebraska waived its sovereign immunity in this instance, any waiver of that immunity does not extend to actions

> brought in federal court. *See* Neb. Rev. Stat. § 81–8,214 (requiring all claims under Nebraska's STCA be brought in state district court). State sovereign immunity bars actions in federal court regardless of the basis for otherwise appropriate subject matter jurisdiction. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002) (holding the Eleventh Amendment bars actions in federal court even where 28 U.S.C. § 1367, in general, authorizes supplemental jurisdiction). Montin did not comply with the requirements set forth by Nebraska's STCA—"[s]uits shall be brought in the district court of the county in which the act or omission ... occurred," Neb. Rev. Stat. § 81–8,214—when he filed his state law malpractice claim in federal court. The district court did not err in dismissing this claim without prejudice.

*Montin*, *supra* at 293.

In light of *Montin*, I am surprised and perplexed by the removal. To be specific, I doubt whether I have *subject matter jurisdiction* over *any* state law claims that were brought by Mr. Guerry in state court under the Nebraska STCA. Moreover, while I could take part of the state court case if that part does not involve the STCA, I would be obligated to remand any claim involving the STCA to the state court. 28 U.S.C.A. § 1441 (c) (1) (B) and (c)(2) (West). Is such a bifurcated approach to a 63-page petition, involving both a federal court and a state court at the same time, something Defendants really want?

IT IS THEREFORE ORDERED that:

1. No later than **April 25, 2017**, Defendants shall submit a brief (filed in both cases) addressing *Montin* and whether (a) I have subject matter jurisdiction to decide any claim made by Mr. Guerry under the STCA; and (b) if I lack subject matter jurisdiction to decide any claim made by Mr. Guerry under the STCA, what

specific portions of the underlying pleading filed in state court must be remanded.[1] Mr. Guerry may also file a brief no later than **April 25, 2017**, addressing these same questions but he is not required to do so.

2. The motions to consolidate (Filing No. 68, Case No. 8:15CV323; Filing No. 3, Case No. 4:17CV3047) are held in abeyance and Mr. Guerry need not respond to the motions until further order of the court.

3. The summary judgment motion filed in Case No. 8:15CV323 (Filing Nos. 63) is held in abeyance and Mr. Guerry need not respond to it until further order of the court.

Dated this 11th day of April, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] When responding, Mr. Lopez should take care to specifically and objectively set forth what portion of the 63-page petition would require remand and what portion could properly remain in this court.