IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN FRANK GUERRY,<br><br>            Plaintiff,<br><br>      vs.<br><br>SCOTT FRAKES, Director; BRIAN GAGE, Warden;  GUIFFE, Case Worker; and  THOMPSON, Case Worker;<br><br>            Defendants. | **8:15CV323**<br><br><br><br><br>**MEMORANDUM<br>AND ORDER** |
| BRIAN FRANK GUERRY,<br><br>            Plaintiff,<br><br>      vs.<br><br>SCOTT FRAKES, in his individual capacity; FRANK HOPKINS, in his individual capacity; BRIAN GAGE, in his individual capacity; MICHELLE CAPPS, in her individual capacity;  et al.,<br><br>            Defendants. | **4:17CV3047** |

      This matter is before the court on Defendants' Notice of Removal of Case No. 4:17CV3047 (Filing No. 1) and Defendants' Motion to Consolidate Case No. 4:17CV3047 with Case No. 8:15CV323 (Filing No. 68, Case No. 8:15CV323; Filing No. 3, Case No. 4:17CV3047). In light of the language in *Montin v. Moore*, 846 F.3d 289 (8th Cir. 2017), the court ordered Defendants to submit a brief

addressing *Montin* and whether (a) the court has subject matter jurisdiction to decide any claim made by Guerry under the Nebraska State Tort Claims Act ("STCA"); and (b) if the court lacks subject matter jurisdiction to decide any claim by Guerry under the STCA, what specific portions of the underlying pleading filed in state court must be remanded. (Filing No. 70.) The court stayed Defendants' motions to consolidate and summary judgment motion in Case No. 8:15CV323 until it could resolve these questions raised by Defendants' removal of Case No. 4:17CV3047. (*Id.*)

Defendants argue that the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any "viable STCA claim" raised by Guerry in Case No. 4:17CV3047. (Filing No. 73 at CM/ECF p. 2.) Defendants urge the court not to read *Montin* as holding that "individual capacity claims against state officials for acts or omissions alleged to have occurred within such officials' state employment must actually be construed as official capacity claims under the STCA." (*Id.* at CM/ECF p. 6.) They insist that *Montin* is distinguishable from Case No. 4:17CV3047[1], and that the applicable legal precedent is *Kruger v. Nebraska*, 820 F.3d 295 (8th Cir. 2016), wherein the court and the Eighth Circuit Court of Appeals addressed the merits of Kruger's removed state law claims against state government defendants, dismissing them pursuant to one of the STCA's statutory exceptions. (*Id.* at CM/ECF pp. 2-6.) *Kruger*, of course, preceded *Montin*.

The court cannot ignore the language in *Montin*. The Eighth Circuit found that it "must treat the state law malpractice claim as if it is against defendants in their official capacities" because "all the actions or omissions alleged occurred in the scope of defendants' state employment," and despite Montin's insistence that his state law claim was against defendants in their individual capacities. 846 F.3d at 292-93. The Court concluded, then, that Montin was required to bring his state

---

[1] Defendants insist that *Montin* is distinguishable because (1) it was not a removal case, and (2) the missing "backdrop" from the opinion is that Montin actually pursued official capacity claims against the state government defendants throughout the litigation. (Filing No. 73 at CM/ECF pp. 5-6.)

law claim under the STCA in state district court because "any waiver of sovereign immunity" by Nebraska did "not extend to actions brought in federal court." *Id.* at 293. This is because "[s]tate sovereign immunity bars actions in federal court *regardless* of the basis for otherwise appropriate subject matter jurisdiction." *Id.* (emphasis added). This language suggests to the court that it must construe Guerry's state law claims as against Defendants in their official capacities[2] and remand of those claims is required. *See also*, 28 U.S.C.A. § 1441(c)(2) (West).[3]

---

[2] "[A]ll the actions or omissions alleged occurred in the scope of defendants' state employment" – such as releasing different units of inmates into the yard for medication prior to the prison riot, opening one exit door and not another during the prison riot, and failing to provide Guerry medical attention after the prison riot. It is also clear that Guerry intended to seek relief under the STCA for the very fact that he filed his pleading in state district court after the court dismissed, in Case No. 8:15CV323, his state law claims against the defendants in their official capacities without prejudice so that he could pursue them in state court. (*See* Filing No. 33 at CM/ECF p. 4.)

[3] Section 1441(c) provides:

> **(c) Joinder of Federal law claims and State law claims. - -(1)** If a civil action includes - -
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A)

Indeed, at the very least, *Montin* presents a complex jurisdictional question and "a district court is required to resolve all doubts about federal jurisdiction in favor of remand." *See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

The court also finds judicial estoppel appropriate here. Counsel is the same in each of these cases, and the defendants and the claims overlap.[4] The defendants in Case No. 8:15CV323 filed a motion to dismiss Guerry's Complaint on the ground that it failed to state a claim upon which relief could be granted. (Filing No. 24.) Counsel specifically argued that the court should dismiss Guerry's state law claims against the defendants in their official capacities on the same principles later iterated in *Montin* – the court's ability to exercise supplemental jurisdiction does not override Eleventh Amendment sovereign immunity of the states. (Filing No. 25 at CM/ECF p. 5.) Counsel further requested the court "dismiss [those state law claims] without prejudice to Plaintiff's ability to pursue them in state court in accordance with the STCA." (*Id*.) The court granted the motion and dismissed Guerry's state law claims "against the Department and prison officials in their official capacities . . . without prejudice to Plaintiff's ability to pursue them in state court." (Filing No. 33 at CM/ECF p. 4.) Not surprisingly, Guerry then filed suit in state district court. (Filing No. 1-1, Case No. 4:17CV3047.)

The Eighth Circuit has stated:

---

has been asserted are required to join in or consent to the removal under paragraph (1).

[4] Guerry sues additional defendants in Case No. 4:17CV3047 than in Case No. 8:15CV323. However, Guerry included in Case No. 4:17CV3047 all of the defendants that he originally sued in Case No. 8:15CV323. Those defendants are Scott Frakes, Brian Gage, Keith Broadfoot, R. Holly, Chelsea Guiffre, and Daniel Thompson. Further, Guerry's claims in each case stem from the May 10, 2015, prison riot at the Tecumseh State Correctional Institution.

4

Judicial estoppel is an equitable doctrine which "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000)). We look to three factors to determine whether judicial estoppel should apply: (1) whether a party's later position is "clearly inconsistent" with its previous position; (2) whether the party succeeded in persuading the first court to accept its position; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage ... if not estopped." *Stallings*, 447 F.3d at 1047 (quoting *New Hampshire*, 532 U.S. at 750-51, 121 S. Ct. 1808).

*Van Horn v. Martin*, 812 F.3d 1180, 1182 (8th Cir. 2016). All three apply here. Defendants ask the court to accept removal of Guerry's state law claims from state district court *after* the court granted their request[5] to dismiss them so that Guerry could pursue them in state district court. Defendants ask the court to exercise supplemental jurisdiction over Guerry's state law claims but previously argued that it could not. First, these positions are "clearly inconsistent." Second, the court accepted Defendants' position that Guerry's state law claims were barred by sovereign immunity when it dismissed them in Case No. 8:15CV323 without prejudice to reassertion in state district court. And third, Defendants are prolonging the proceedings in state and federal court, thereby depriving Guerry of an efficient and timely resolution of his claims. Defendants will be bound by the relief they requested.

IT IS THEREFORE ORDERED that:

1. Guerry's state law claims against Defendants in Case No. 4:17CV3047 are remanded back to the District Court of Johnson County, Nebraska. **The clerk's office is directed to provide the Clerk of the District**

---

[5] The request of the overlapping defendants - Scott Frakes, Brian Gage, Keith Broadfoot, R. Holly, Chelsea Guiffre, and Daniel Thompson. But more specifically, Counsel's request.

**Court of Johnson County with a <u>certified copy</u> of this memorandum and order. The Clerk of the District Court of Johnson County is requested to notify the assigned state district court judge in Johnson County District Court Case No. CI 17-18 that the state law claims in Guerry's petition are remanded for his/her consideration.**

2. No later than **May 18, 2017,** Defendants shall specifically and objectively set forth (a) what additional federal claims and against whom remain in Guerry's state petition, and (b) what federal claims and against whom remain in Guerry's state petition that the court already disposed of in Case No. 8:15CV323.

3. Defendants' motions to consolidate (Filing No. 68, Case No. 8:15CV323; Filing No. 3, Case No. 4:17CV3047) are granted as to Guerry's federal claims. *See* Fed. R. Civ. P. 42(a). Defendants shall file an answer in Case No. 4:17CV3047 no later than **May 25, 2017**. The court will thereafter issue a progression order for the consolidated cases.

4. Defendants' summary judgment motion in Case No. 8:15CV323 (Filing No. 63) is denied without prejudice to reassertion.

5. Guerry's "Motion for Objection to Summary Judgment" (Filing No. 71, Case No. 8:15CV323) is denied as moot.

6. The clerk's office is directed to set the following pro se case management deadline: **May 18, 2017**: check for Defendants' pleading setting forth federal claims.

7. The clerk's office is directed to set the following pro se case management deadline: **May 25, 2017**: check for Defendants' Answer in Case No. 4:17CV3047.

Dated this 4th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.