IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN FRANK GUERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director; BRIAN GAGE, Warden; GUIFFRE, Case Worker; and THOMPSON, Case Worker;<br><br>        Defendants.<br>_____ | **8:15CV323**<br><br><br><br>**MEMORANDUM AND ORDER** |
| BRIAN FRANK GUERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, in his individual capacity; FRANK HOPKINS, in his individual capacity; BRIAN GAGE, in his individual capacity; MICHELLE CAPPS, in her individual capacity; BUSBOOM, in his individual capacity; CHRISTOPHER CONNELLY, in his individual capacity; CRYSTAL REMPEL, in her individual capacity; JACOB BENTS, in his individual capacity; ANDREW KING, in his individual capacity; AUSTIN GOCKE, in his individual capacity; SHAW | **4:17CV3047**<br><br><br><br>**MEMORANDUM AND ORDER** |

SHERMAN, in his individual capacity;
CHRISTOPHER ULRICK, in his
individual capacity; KEITH
BROADFOOT, in his individual
capacity; R. HOLLY, in his individual
capacity; CHELSEA GUIFFRE, in her
individual capacity; DANIEL
THOMPSON, in his individual capacity;
FLINN, in her individual capacity; and
JOHN DOE(S),

           Defendants.

This matter is before the court on case management. After Defendants' removal of Case No. 4:17CV3047, the court granted Defendants' motions to consolidate the above-captioned cases as to Guerry's federal constitutional claims and remanded Guerry's state law claims against Defendants to the District Court of Johnson County, Nebraska. (*See* [Filing No. 11](#).) Case No. 8:15CV323, the non-removed case, has of course proceeded substantially further than Case No. 4:17CV3047. For clarity, the court now sets forth the federal constitutional claims in this consolidated matter.

### I.  Case No. 8:15CV323

The remaining claims from this case are Eighth Amendment failure-to-protect claims against Defendants Scott Frakes, Brian Gage, Chelsea Guiffre, and Daniel Thompson for monetary damages in their individual capacities. (*See* [Filing No. 33](#).) Guerry's underlying factual allegations are the same as those underlying his failure-to-protect claims in Case No. 4:17CV3047 below.

# II. Case No. 4:17CV3047[1]

## A. Eighth Amendment Claims

### 1. Failure to Protect

Guerry asserts that Defendants[2] failed to protect him from gangs and fires during the prison riot at the Tecumseh State Correctional Institution on May 10, 2015. For the reasons set forth in the Memorandum and Order at Case No. 8:15CV323, [Filing No. 13](Filing No. 13), this claim will not proceed against Defendants Keith Broadfoot and R. Holly. This claim will, however, proceed against all other Defendants.[3]

### 2. Conditions of Confinement

Guerry asserts that Defendants failed to move him out of his cell where he was exposed to burning plastic, oil water contaminated with blood, human waste, and sewage for four or more days following the prison riot. He asserts that his

---

[1] With regard to his federal constitutional claims, Guerry sues all Defendants in their individual capacities for monetary damages.

[2] "Defendants" for this claim and the next (conditions of confinement) do not include the John and Jane Doe staff, doctors, and nurses or the corporate private prison medical provider who Guerry alleges were deliberately indifferent to his serious medical needs but does not allege failed to protect him.

[3] Guerry sues John Doe, a corrections officer in Housing Units 2-C and D, and John and Jane Does, corrections officers, case managers, case workers, and staff working in Housing Units 2-A and B. Guerry asserts that these individuals were present in the control room for Housing Unit 2-C, the protective custody unit where Guerry was confined, on the day of the prison riot. He maintains that they failed to protect him during the prison riot and failed to move him out of his cell afterwards. The court will address actual service of process of these unnamed individuals below.

blankets, sheets, and bed contained blood of another inmate for a similar amount of time. He alleges that he had to eat and sleep in those conditions. This claim will proceed against Defendants.

### 3. Deliberate Indifference to Serious Medical Needs

Guerry alleges that certain Defendants denied him medical treatment for smoke inhalation and related symptoms for twenty-two days following the prison riot. He received treatment on June 2, 2015. Guerry fails to allege that he suffered any specific detrimental effect from the delay of medical treatment. *See Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006) (inmate claiming deliberate indifference based on delay in treatment must allege that delay caused harm). This claim will not proceed.

## B. Equal Protection Claim

Guerry asserts that certain Defendants violated his right to equal protection when they abandoned him and other protective custody inmates in Housing Unit 2-C during the prison riot. He alludes to overcrowding in Housing Unit 2-C as a reason for the violation when he alleges that the protective custody inmates in that unit had to double-bunk. Guerry, however, fails to allege that he was treated differently than others who were similarly situated to him, specifically, that he was treated differently than others in Housing Unit 2-C. *See Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection."). He asserts in various parts of his complaint that Defendants moved inmates in Housing Units 2-A and B out of the conditions noted above, but prison officials could have had any number of reasons for moving those inmates sooner than those in Housing Unit 2-C and the different locations of the inmates in and of itself makes them dissimilar. Further, his allegations provide no causal connection between any alleged double-bunking and Defendants' actions during and after the prison riot. This claim will not proceed.

IT IS THEREFORE ORDERED that:

1. Guerry's Eighth Amendment failure-to-protect claims may proceed against the following Defendants in their individual capacities for monetary damages: Scott Frakes, Frank Hopkins, Brian Gage, Michelle Capps, Busboom, Christopher Connelly, Shaw Sherman, Austin Gocke, Crystal Rempel, Jacob Bents, Andrew King, Flinn, Christopher Ulrick, Chelsea Guiffre, and Daniel Thompson.

2. Guerry's Eighth Amendment conditions-of-confinement claims may proceed against the following Defendants in their individual capacities for monetary damages: Scott Frakes, Frank Hopkins, Brian Gage, Michelle Capps, Busboom, Christopher Connelly, Shaw Sherman, Austin Gocke, Crystal Rempel, Jacob Bents, Andrew King, Flinn, Christopher Ulrick, Keith Broadfoot, R. Holly, Chelsea Guiffre, and Daniel Thompson.

3. Guerry must identify John Doe, a corrections officer in Housing Units 2-C and D, and John and Jane Does, corrections officers, case managers, case workers, and staff working in Housing Units 2-A and B, before his failure-to-protect and conditions-of-confinement claims against them can proceed to service of process. **Guerry will have 30 days from the date of this Memorandum and Order to take reasonable steps to identify John Doe, a corrections officer in Housing Units 2-C and D, and John and Jane Does, corrections officers, case managers, case workers, and staff working in Housing Units 2-A and B, and notify the court of their names, after which the court will initiate service of process. Failure to do so will result in dismissal of his claims against them without prejudice and without further notice.** The clerk of the court is directed to set the following pro se case management deadline: June 23, 2017: check for names of John and Jane Does.

4. Guerry's remaining federal constitutional claims are dismissed for failure to state a claim upon which relief may be granted.

5. The court is aware that some of Defendants have not been served with Guerry's complaint in Case No. 4:17CV3047 because those individuals are no longer employed at the Tecumseh State Correctional Institution. Accordingly,

> a. The clerk of the court is directed to obtain the last-known addresses for Defendants Brian Gage, Jacob Bents, Austin Gocke, Chelsea Guiffre, and Andrew King from the United States Marshals Service for service of process on Defendants Gage, Bents, Gocke, Guiffre, and King in their individual capacities. Once such addresses are obtained, the clerk of the court is directed to complete 5 summons forms and 5 USM-285 forms for Defendants using the addresses provided by the Marshals Service and forward them together with a copy of [Filing No. 1](#) in Case No. 4:17CV3047 and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendants in their individual capacities. The Marshals Service shall serve Defendants in their individual capacities using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* [Federal Rule of Civil Procedure 4(e)](#); [Neb. Rev. Stat. § 25-508.01 (Reissue 2016)](#).
>
> b. The United States Marshal shall serve all process in this case without prepayment of fees from Guerry.
>
> c. The clerk of the court is directed to file under seal any documents containing the last-known personal addresses for Defendants Gage, Bents, Gocke, Guiffre, and King.

      d.      The clerk of the court is directed to set the following pro se case management deadline: August 22, 2017: check for completion of service of process.

6.    **The clerk of the court is directed to provide the Clerk of the District Court of Johnson County with a <u>certified copy</u> of this Memorandum and Order. The Clerk of the District Court of Johnson County is requested to notify the assigned state district court judge in Johnson County District Court Case No. CI 17-18 that the federal constitutional claims discussed herein may set forth negligence claims under state law and are hereby remanded for his/her consideration.**

7.    The two above-captioned cases have been consolidated for all purposes for the aforementioned federal constitutional claims. Case No. 8:15CV323 has been designated as the "Lead Case." Case number 4:17CV3047 has been designated as the "Member Case."

      a.      The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. To this end, Defendants (who have access to the court's CM/ECF System) are instructed to file all further documents (except those described in paragraph b) in the Lead Case, Case No. 8:15CV323, and to select the option "yes" in response to the System's question whether to spread the text. **Guerry (who does not have access to the court's CM/ECF system) is instructed to include both Case No. 8:15CV323 and Case No. 4:17CV3047 on any future filings.**

b. Defendants may not use the spread text feature to file answers, or to the extent applicable, to pay filing fees electronically using pay.gov or to file items related to service of process.

c. If a party believes that an item in addition to those described in paragraph b should not be filed in each consolidated case, the party must move for permission to file the item in the Member Case. The motion must be filed in each consolidated case by the parties as outlined in paragraph a.

Dated this 24th day of May, 2017.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge