IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN FRANK GUERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director; BRIAN GAGE, Warden; GUIFFRE, Case Worker; and THOMPSON, Case Worker;<br><br>        Defendants.<br>_____ | **8:15CV323**<br><br><br><br>**MEMORANDUM AND ORDER** |
| BRIAN FRANK GUERRY,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, in his individual capacity; FRANK HOPKINS, in his individual capacity; BRIAN GAGE, in his individual capacity; MICHELLE CAPPS, in her individual capacity; BUSBOOM, in his individual capacity; CHRISTOPHER CONNELLY, in his individual capacity; CRYSTAL REMPEL, in her individual capacity; JACOB BENTS, in his individual capacity; ANDREW KING, in his individual capacity; AUSTIN GOCKE, in his individual capacity; SHAW | **4:17CV3047**<br><br><br><br>**MEMORANDUM AND ORDER** |

| |
|---|
| SHERMAN, in his individual capacity; CHRISTOPHER ULRICK, in his individual capacity; KEITH BROADFOOT, in his individual capacity; R. HOLLY, in his individual capacity; CHELSEA GUIFFRE, in her individual capacity; DANIEL THOMPSON, in his individual capacity; FLINN, in her individual capacity; and JOHN DOE(S), <br><br> Defendants. |

This matter is before the court on Plaintiff Brian Frank Guerry's Motion to Compel. ([Filing No. 79](#).) In its previous order dated May 24, 2017, the court instructed Guerry as follows:

> Guerry must identify John Doe, a corrections officer in Housing Units 2-C and D, and John and Jane Does, corrections officers, case managers, case workers, and staff working in Housing Units 2-A and B, before his failure-to-protect and conditions-of-confinement claims against them can proceed to service of process. Guerry will have 30 days from the date of this Memorandum and Order to take reasonable steps to identify John Doe, a corrections officer in Housing Units 2-C and D, and John and Jane Does, corrections officers, case managers, case workers, and staff working in Housing Units 2-A and B, and notify the court of their names, after which the court will initiate service of process. Failure to do so will result in dismissal of his claims against them without prejudice and without further notice.

([Filing No. 76](#).) Guerry asserts that John and Jane Does were present in the control room for Housing Unit 2-C, the protective custody unit where Guerry was confined, on the day of the prison riot. He maintains that they failed to protect him during the prison riot and failed to move him out of his cell afterwards.

It appears from the documents attached to his Motion to Compel that Guerry tried to ascertain the names and addresses of John and Jane Does from the Nebraska Department of Correctional Services and from the Johnson County District Court to no avail. Guerry only knows the last names of three of the individuals and, according to him, those individuals are no longer employed at the Tecumseh State Correctional Institution. Accordingly,

IT IS THEREFORE ORDERED that:

1. No later than **July 8, 2017**, Mr. David A. Lopez with the Nebraska Attorney General's Office, as counsel for those defendants already served, shall provide to the court the full names and addresses of "Tompkins, Case Worker," "Rodie, Correction Officer," "Steele, Correction Officer," and John and Jane Does from Housing Units 2-A and B, to the extent he knows or can reasonably ascertain them. The employment addresses of these individuals will be sufficient if they are still employed with the Nebraska Department of Correctional Services. If, however, any of these individuals is no longer employed with the Nebraska Department of Correctional Services, their personal addresses shall be filed under seal with the court.[1]

2. The court previously ordered the clerk of the court to obtain the last-known address for Andrew King from the United States Marshals Service for service of process on King. ([Filing No. 76](Filing No. 76).) The Marshals Service has advised the court that there is more than one address for "Andrew King." Accordingly, Mr. Lopez shall also provide to the court the address for Andrew King, to the extent he knows or can reasonably ascertain it, in the manner provided in the preceding paragraph.

---

[1] *See [Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)](Munz v. Parr)* ("Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention.") (citation omitted). *See also*, *[Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 n. 3 (7th Cir. 1996)](Donald v. Cook County Sheriff's Dept.)* (citing additional authority).

3. The clerk's office is directed to set a pro se case management deadline using the following text: **July 8, 2017**: check for names and addresses from Mr. Lopez.

Dated this 8th day of June, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge