IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN FRANK GUERRY, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT FRAKES, Director; BRIAN GAGE, Warden; GUIFFRE, Case Worker; and THOMPSON, Case Worker; <br><br> Defendants. | **8:15CV323** <br><br><br> **MEMORANDUM AND ORDER** |
| BRIAN FRANK GUERRY, <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT FRAKES, in his individual capacity; FRANK HOPKINS, in his individual capacity; BRIAN GAGE, in his individual capacity; et al.; <br><br> Defendants. | **4:17CV3047** <br><br><br> **MEMORANDUM AND ORDER** |

In these consolidated actions, Plaintiff Brian Frank Guerry ("Guerry" or "Plaintiff") sought monetary damages against several prison officials for allegedly violating Guerry's Eighth Amendment rights by failing to protect his safety during, and subjecting him to cruel and unusual conditions of confinement after, a prison riot that occurred at the Tecumseh State Correctional Institution ("TSCI") on May 10, 2015. On October 3, 2017, Defendants moved for summary judgment on the basis of qualified immunity. (Filing No. 88, Case No. 8:15CV323; Filing Nos. 41

& 46, Case No. 4:17CV3047.) The motion was granted by the court in a Memorandum and Order dated April 6, 2018, and a final judgment dismissing Guerry's action with prejudice was entered that same day. (Filing Nos. 112 & 113, Case No. 8:15CV323; Filing Nos. 67 & 68, Case No. 4:17CV3047.)

Guerry appealed to the Eighth Circuit, which affirmed this court's judgment on January 23, 2019. (Filing Nos. 128 & 129, Case No. 8:15CV323; Filing Nos. 82 & 83, Case No. 4:17CV3047.) The Court of Appeals issued its mandate on March 13, 2019. (Filing No. 131, Case No. 8:15CV323; Filing No. 85, Case No. 4:17CV3047.)

Now pending before the court is Guerry's Motion to Vacate Judgment on Newly Discovered Evidence and Misconduct by an Adverse Party filed on March 15, 2019. (Filing No. 132, Case No. 8:15CV323; Filing No. 86, Case No. 4:17CV3047.) Along with his motion, Guerry also filed a Memorandum of Points and Authorities and a declaration. (Filing Nos. 133 & 134, Case No. 8:15CV323; Filing Nos. 87 & 88, Case No. 4:17CV3047.) For the reasons that follow, Guerry's motion will be denied.

## I. SUMMARY OF MOTION

Guerry claims he has two newly discovered pieces of evidence. First, Guerry alleges there is a report done by two experts concerning the May 10, 2015 riot at TSCI which existed during the time summary judgment was rendered and which Defendants withheld from the public and Guerry. Guerry alleges he learned of this report on December 12, 2018,

> on the law computer at 1:40 Pm, and it was *Clayborne v. Frakes*, Case No. 8:15-CV-198 dated 12/12/18 [which] states; "[Clayborne] claims he has newly discovered evidence in the form of a newspaper article dated November 30, 2018 which discusses a Report prepared by two experts concerning the May 10, 2015 riot at TSCI. [Clayborne] alleges the report found the riot was sparked by several conditions that could

2

have been Addressed and Corrected, and was Withheld from the Public and [Clayborne] and other attorney trying the riot case in Federal and State Court."

(Filing No. 134 at CM/ECF p. 2, ¶ 8 (internal brackets and emphasis omitted; italics added; spelling corrected).)[1] Guerry alleges the report was found by due diligence after summary judgment was entered, could not have been discovered in time to furnish grounds for a new trial under Fed. R. Civ. P. 59(b), and "is of such material, and controlling nature that it would probably change the outcome of the Summary Judgment that was rendered on April 6, 2018." (Filing No. 133 at CM/ECF p. 2, ¶ 7; *see also* Filing No. 132 at CM/ECF p. 1, ¶¶ 1, 5.)

The second piece of newly discovered evidence claimed by Guerry is another piece of information he discovered via "the law computer" on December 12, 2018, in the records of

> *Clayborne v. Frakes*, Case No. 8:15-CV-198 dated 7/13/2018 [which] states; '[Clayborne] contends that because the log in sheet does not list the name of James Jansen a non party employee who submitted an affidavit in support of Defendants Motion for Summary Judgment[,] Defendants were granted Qualified Immunity base[d] on False Statements."

(Filing No. 134 at CM/ECF p. 2, ¶ 6 (internal brackets and emphasis omitted; italics added; spelling corrected).) Based on this, Guerry alleges that, because James Jansen was not on the May 10, 2015 log-in sheet and Jansen submitted a declaration (filing no. 90-2) in the present action in support of Defendants' summary judgment motion,[2] Defendants were also granted summary judgment

---

[1] All references in this order to CM/ECF docket entries are to filings in Case No. 8:15CV323 (i.e., the "Lead Case"), unless otherwise specified.

[2] In his declaration, Jansen stated that "[b]eginning at approximately 2:30pm on May 10, 2015, and unfolding over the following several hours, a significant inmate disturbance occurred at TSCI" and he "arrived at TSCI at approximately 3:15pm and

based on a false statement. (Filing No. 133 at CM/ECF p. 3, ¶ 13; *see also* Filing No. 132.) Guerry further claims the submission of the "false" declaration constitutes misconduct and "fraud on the court" warranting relief from judgment. (Filing No. 133 at CM/ECF pp. 2–3, ¶¶ 11–14.)

The case referenced by Guerry, *Clayborne v. Frakes*, Case No. 8:15-CV-198, is a case that was filed in this court by Robert Earl Clayborne, Jr., an inmate at TSCI, on May 28, 2015, in which Clayborne also claimed Eighth Amendment violations based on the May 10, 2015 riot. In that case, the defendant prison officials were also granted summary judgment based on qualified immunity and the Eighth Circuit affirmed that decision. (*See* Filing Nos. 57, 58, 73, & 74, Case No. 8:15CV198.) Taking judicial notice of the court's own records, it is evident that Guerry is referring to two separate orders in *Clayborne v. Frakes* in which the court denied Clayborne's motions for relief from judgment under Rule 60(b) based on the expert report and Jansen's omission from the log-in sheet identified above. (Filing Nos. 81 & 94, Case No. 8:15CV198.)

## II. DISCUSSION

Guerry specifically seeks relief under subsections (2) and (3) of Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60 provides, in relevant part:

> (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding*. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

remained there throughout the response until the facility was secured." (Filing No. 90-2 at CM/ECF pp. 1–2, ¶¶ 4, 8.)

4

>   > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
>   >
>   > . . .
>   >
>   > (6) any other reason that justifies relief.
>
> (c) *Timing and Effect of the Motion*.
>   (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>
>   . . .
>
> (d) *Other Powers to Grant Relief*. This rule does not limit a court's power to:
>   . . .
>   (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60.

To prevail under Rule 60(b)(2), a moving party must demonstrate that: "(1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal quotation omitted).

To prevail under Rule 60(b)(3), a moving party must demonstrate, "with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation omitted).

5

In addition, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotation omitted). The provisions of Rule 60(b) are "grounded in equity and exist[] to prevent the judgment from becoming a vehicle of injustice." *Harley*, 413 F.3d at 870 (internal quotation omitted). It is well-established that Rule 60(b)(6) authorizes relief only in the most exceptional of cases. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). Relief under the catch-all provision of the rule "is exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *Id.* at 868 (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Motions to vacate judgment are disfavored. *Heim v. Comm'r*, 872 F.2d 245, 247 (8th Cir. 1989).

Here, Guerry's motion pursuant to Rule 60(b)(2) and (3) is timely. However, Guerry has failed to make an adequate showing of exceptional circumstances to warrant relief under any provision of Rule 60(b).

In granting summary judgment, the court concluded Defendants were entitled to qualified immunity "[b]ecause there is no evidence that any of the Defendants were deliberately indifferent to Guerry's health and safety, let alone that they acted maliciously and sadistically for the very purpose of causing harm while the prison riot was in progress" and the undisputed evidence did not establish an Eighth Amendment conditions-of-confinement claim where there was no proven adverse consequence to Guerry's health and Guerry was not deprived of a single human need during the four days he spent in the unsanitary cell. (Filing No. 112 at CM/ECF pp. 24, 27 (internal quotation omitted).) Guerry's allegations regarding the content of the experts' report, and the withholding of the report, do not suggest any facts demonstrating deliberate indifference by Defendants to Guerry's health and safety during the riot. Rather, Guerry's allegations about the report offer only mere speculation that prison officials may have taken steps to address conditions contributing to the riot. The court concludes Guerry's

6

allegations fail to demonstrate that the report is material or that it is likely to produce a different result.

Similarly, Guerry's speculation that an affidavit submitted in support of Defendants' motion for summary judgment contained a false statement, or that the affiant did not have personal knowledge of the events described in the affidavit, falls far short of clear and convincing evidence that Defendants engaged in any sort of fraud or misrepresentation that prevented Guerry from fairly presenting his case. Thus, Guerry has failed to demonstrate he is entitled to relief from judgment under Rule 60(b)(3). Nor is Guerry entitled to relief under Rule 60(d)(3) for any purported "fraud on the court." The Eighth Circuit has "emphasized that fraud on the court is distinct from mere fraud upon a party." *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010). "Fraud on the court which justifies vacating a judgment is narrowly defined as 'fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.'" *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)). "Further, relief is only available where it would be 'manifestly unconscionable' to allow the judgment to stand." *Superior Seafoods*, 620 F.3d at 878 (quoting *Griffin v. Fed. Deposit Ins. Corp.*, 831 F.2d 799, 802 (8th Cir. 1987)). Guerry's allegations regarding Jansen's affidavit do not meet this high standard.

### III. CONCLUSION

The court finds that Guerry has failed to demonstrate that he is entitled to relief under Rule 60(b)(2) or (3) and that no exceptional circumstance exists for granting relief under Rule 60(b)(6). The court also finds that Guerry has failed to show that a fraud was committed on the court, and thus he is not entitled to any relief under Rule 60(d)(3). Accordingly, Guerry's request for relief from judgment is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Judgment on Newly Discovered Evidence and Misconduct by an Adverse Party (filing no. 132, Case No. 8:15CV323; filing no. 86, Case No. 4:17CV3047) is denied.[3]

Dated this 29th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3] **Plaintiff is hereby notified that the filing of a notice of appeal will make him liable for payment of the full $505.00 appellate filing fee regardless of the outcome of the appeal.** This is because the Prison Litigation Reform Act requires an incarcerated civil appellant to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b). By filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from his prison account by prison officials.